[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
In this five count amended complaint Plaintiff seeks to CT Page 12687 recover for emotional damages from Defendant psychologist for reporting accusations of child abuse against Plaintiff to the Department of Children and Families without conducting any investigation. The five counts allege reckless conduct, CUTPA violations, intentional infliction of emotional distress, defamation and negligent infliction of emotional distress.
Defendant moves for summary judgment on the ground that Defendant enjoys immunity provided to mandatory reporters of suspected child abuse pursuant to General Statutes §17a-101(h), now § 17a-101e(b).
 I
Defendant, a practicing psychologist was contacted on December 12, 1995 by an individual who identified herself as "Louise Morales" and informed Defendant that she was concerned about certain inappropriate sexual behavior exhibited by her son, aged four and one half years, who when questioned told her that his father had done those things to him. On December 11, the day before Defendant had received a message that Louise Morales had tried to contact her. Defendant contacted the Department of Children and Families (DCF) and requested guidance as to whether she should report the incident and when advised that she was required to make a report by statute, made no further investigation but filed a report.
 II
Plaintiff claims that Defendant is liable for emotional damages suffered by Plaintiff as a result of the ensuing investigation by DCF because she filed the report without knowing interviewing the complainant or undertaking any investigation or evaluation.
General Statutes § 17a-101(a) reads as follows:
 Any mandated reporter, as defined in section 17a-101, who in his professional capacity has reasonable cause to suspect or believe that any child under the age of eighteen years is in danger of being abused or has had nonaccidental physical injury, or injury which is at variance with the history given of such injury, inflicted upon him by a person responsible for such child's health, CT Page 12688 welfare or care or by a person given access to such child by such responsible person, or has been neglected, as defined in section 46b-120, shall report or cause a report to be made in accordance with the provisions of sections 17a-101b to 17a-101d, inclusive. Any person required to report under the provisions of this section who fails to make such report shall be fined not more than five hundred dollars.
General Statutes § 17a-101b requires that:
 (a) An oral report shall be made by a mandated reporter within twenty-four hours of suspecting or believing that a child has been abused or neglected by telephone or in person to the Commissioner of Children and Families or a law enforcement agency.
General Statutes § 17a-101g provides:
 (a) Upon receiving a report of child abuse as provided in section 17a-101b, the Commissioner of Children and Families, or his designee, shall cause the report to be classified and evaluated immediately. If the report contains sufficient information to warrant an investigation, the commissioner shall make his best efforts to commence an investigation of a report concerning an imminent risk of physical harm to a child or other emergency within two hours of receipt of the report and commence all other reports within seventy-two hours of receipt of the report. The department shall complete any such investigation within thirty calendar days of receipt of the report.
General Statutes § 17a-101e(b) provides that any person making a report pursuant to sections 17a-101a to 17a-101d
inclusive "in good faith" shall be immune from any civil liability.
It is not disputed that Defendant, as a practicing psychologist, was a mandated reporter under the statute. Plaintiff contends, however, that whether Defendant had CT Page 12689 "reasonable cause" to suspect or believe that a child was being abused has become a matter of fact for a jury to determine, because Plaintiff has submitted an affidavit from Plaintiff's psychiatrist Dr. Kenneth M. Selig offering the opinion that Defendant did not have such reasonable cause.
In his affidavit, Dr. Selig states that he has reviewed the affidavit and deposition transcript of Dr. Kagel and
 That it is my professional opinion as a mandated reporter that Dr. Kagel was not required to report her telephone conversation with Ms. Louise Morales to the Department of Children and Family in that a reasonable basis did not exist based upon the single phone conversation between Louise Morales and Dr. Kagel for suspecting sexual abuse.
 III
Plaintiff and the affidavit of Dr. Selig concentrate on the reasonableness of the basis on which Defendant made her report. This amounts to a claim that Defendant should have made some further investigation before making the report. Nothing in the General Statutes, however, requires a mandated reporter to undertake such further investigation; § 17a-101g specifically puts the classification and evaluation of such a report in the hands of the Commissioner of Children and Families. The legislative history of these statutes and their antecedents clearly demonstrate that the legislature intended to separate the reporting and investigating requirements without putting any burden of investigating on the mandated reporter. See Hearings before the Connecticut Legislative Joint Judiciary and Governmental Functions Committee, 1965, part 2, April 6, 1965, pp. 319, 351, 353, 355; Conn. Gen. Assembly House Proceedings 1973, vol. 16, part 7, April 18, 1933, p. 3474. In Hearings before the Public Welfare and Humane Institutions in 1965 in explaining of meaning of the "good faith" required to obtain immunity, Ms. Siskey, representing the State Welfare Department explained the need "to move very quickly on these cases." Joint Standing Committee on Public Welfare and Humane Institutions, Hearings March 17, 1915, p. 84.
In the 1965 debate in the Connecticut State Senate Sen. Schaffer explained the purpose of this legislation was to CT Page 12690 "encourage people who see these cases of abuse to bring them to the attention of both the welfare authority and the police and the situation can be verified. State Senate Proceedings 1965 Feb. Special Session, Vol. II, part. 1, June 2, 1965, p. 1908.
If the legislative policy is to encourage prompt reports of suspected child abuse and to immunize mandated reporters form civil liability if they make such reports in good faith, it is inevitable that some mistakes will be made by reporting some abuses that in fact did not exist. In Meehan v. Yale New HavenHospital, Superior Court, judicial district of Fairfield, Docket No. 320418 (March 12, 1996, Hartmere, J.), 16 CONN. L. RPTR. 437, the court recognized that some erroneous reports would be made but nevertheless found that the "legislature chose to promote the greater social benefit which results from reporting all suspected cases of child abuse to the appropriate authorities."
In his complaint, Plaintiff raises the question of good faith on the part of Defendant in making the report, but in his arguments does not challenge Defendant's version of circumstances leading to his report, his prior call from the informant, or his conversations with the DCF in which he sought guidance as to his duty to file a report. This court is mindful as was Judge Hartmere in the Meehan case of the effect that an incorrect report of abuse can have on an alleged perpetrator, especially where that person is a family member; however, overriding the immunity of a mandated reporter would not correct such a situation and might make it impossible to obtain the cooperation of mandated reporters in accomplishing the legislative purpose of encouraging prompt reports of child abuse. See Zamstein v.Marvasti, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 4571182 (November 19, 1994, Handy, J.), 13 CONN. L. RPTR. 159, 161.
With these considerations in mind, the mere fact that one medical provider may disagree with another as to what constitutes "reasonable cause" does not constitute a question of material fact requiring resolution by a trial which might lead to the by-passing of Defendant's statutory immunity, because in this case Defendant has established some basis of her reasonable cause and no factual basis for challenging her good faith in making the report has been set forth.
Defendant's Motion for Summary Judgment is granted. CT Page 12691
Jerry Wagner Judge Trial Referee